**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANNA JAQUES HOSPITAL, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:06-CV-767 (GK) |
| MICHAEL O. LEAVITT, in his official capacity as the Secretary of the United States Department of Health and Human Services, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ANSWER

### Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Answers to Numbered Paragraphs

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, answers the numbered paragraphs of plaintiffs' complaint as follows:

1. This paragraph is a characterization of the action to which no response is required.

2. Defendant admits this paragraph.

3. The first two sentences of this paragraph contain legal conclusions to which no response is required. Defendant admits the third sentence.

4. Defendant admits this paragraph.

5. Defendant admits this paragraph.

6. This sentence is a legal conclusion to which no response is required.

1

7. This sentence is a legal conclusion to which no response is required.

8. Defendant admits the first sentence. The last two sentences of this paragraph are characterizations of a statute to which no response is required.

9. The first sentence of this paragraph contains the characterization of a statute to which no response is required. The second sentence contains legal conclusions to which no response is required.

10. This paragraph contains characterizations of a statute and regulations to which no response is required.

11. As to the first sentence, defendant admits that labor costs may differ in different regions of the country. The second sentence contains a characterization of a statute to which no response is required.

12. This paragraph contains characterizations of a statute to which no response is required.

13. Defendant admits that he engages in yearly notice and comment rule-making to set wage indices and that the federal fiscal year begins on October 1.

14. Defendant admits that because of the time it takes for hospital wage data to be collected and reviewed, there is a lag between the collection of the data and their use in the calculation of wage indices, such that the wage indices for fiscal year 2006 were calculated on the basis of wage data relating to fiscal year 2002.

15. This paragraph contains characterizations of regulations to which no response is required.

16. The first sentence of this paragraph is a legal conclusion. The rest of this paragraph is a characterization of regulations to which no response is required.

17. This paragraph is a characterization of a statute to which no response is required.

18. This paragraph is a characterization of regulations to which no response is required.

19. The first sentence of this paragraph is a legal conclusion to which no response is required. As to the second sentence, defendant admits that if an area has a wage index greater than 1, then its labor costs have been deemed higher than the national average, and if an area has a wage index less than 1, then its labor costs have been deemed lower than the national average. The third sentence is a characterization of a statute and a regulation to which no response is required. The last sentence is a legal conclusion to which no response is required.

20. This paragraph contains characterizations of a statute to which no response is required.

21. The first sentence of this paragraph is a characterization of a statute to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to whether reasonable cost reimbursement is "more favorable" for "many" facilities.

22. This paragraph contains characterizations of a statute to which no response is required.

23. Defendant denies the first sentence. As to the second sentence, defendant admits that prior to fiscal year 2004, in calculating the wage index, he did not exclude wage data from hospitals on the basis that they had converted to Critical Access Hospital ("CAH") status after the survey year.

24. Defendant admits that beginning in fiscal year 2004, in calculating the wage index, he excluded wage data from hospitals on the basis that they had converted to CAH status after the survey year.

25. This paragraph contains legal conclusions to which no response is required.

26. The statement that Nantucket Cottage Hospital's conversion took effect on May 14, 2002 is a conclusion of law to which no response is required, and defendant lacks knowledge or information sufficient to form a belief as to the reason for the conversion.

27. This paragraph is a legal conclusion to which no response is required.

28. This paragraph is a legal conclusion to which no response is required.

29. The first sentence of this paragraph is a characterization of a statute to which no response is required. The rest of the paragraph contains legal conclusions to which no response is required.

30. The first sentence of this paragraph is a characterization of a statute to which no response is required. The second sentence contains legal conclusions to which no response is required.

31. This paragraph contains characterizations of a statute to which no response is required.

32. This paragraph is a characterization of a regulation to which no response is required.

33. The first sentence of this paragraph is a characterization of a regulation to which no response is required. The second sentence is a legal conclusion to which no response is required. The third, fourth, and fifth sentences are characterizations of regulations to which no response is required.

34. This paragraph is a characterization of a regulation to which no response is required.

35. This paragraph contains legal conclusions to which no response is required.

36. The first sentence of this paragraph is a legal conclusion to which no response is required. The second sentence contains legal conclusions and characterizations of a regulation to which no response is required. The third sentence is a characterization of a regulation to which no response is required.

37. The first sentence is a characterization of a regulation to which no response is required. The second sentence is a legal conclusion to which no response is required.

38. This paragraph is a legal conclusion to which no response is required.

39. This paragraph contains legal conclusions to which no response is required.

40. This paragraph contains legal conclusions to which no response is required.

41. This paragraph contains legal conclusions to which no response is required.

42. The first sentence of this paragraph is a legal conclusion to which no response is required. With respect to the second sentence, defendant admits that every year some hospitals change their status relative to the Medicare system. As to the third sentence, defendant admits that prior to fiscal year 2004, in calculating the wage index, he did not exclude wage data from hospitals on the basis that they had converted to CAH status after the survey year, but he denies that he previously used all available survey data from subsection (d) hospitals. The fourth sentence is a characterization of regulations to which no response is required.

43. The first sentence of this paragraph is a characterization of regulations to which no response is required. The second sentence contains legal conclusions to which no response is required.

44. The first sentence of this paragraph is a characterization of a regulation to which no response is required. The second sentence and third sentences are legal conclusions to which no response is required.

45. The first sentence of this paragraph is a characterization of a letter to which no response is required; the letter can be found at pages 17-19 of the administrative record. The second sentence of this paragraph is a characterization of the appeal letter to which no response is required. The third sentence is a characterization of a letter to which no response is required; the letter can be found at pages 29-32 of the administrative record.

46. This paragraph is a characterization of the PRRB's decision to which no response is required; the decision can be found at pages 1-2 of the administrative record.

47. This paragraph is a legal conclusion to which no response is required.

48. Defendant incorporates his responses to paragraphs 1 through 47 by reference as if stated in full here.

49. This paragraph is a characterization of a statute to which no response is required.

50. This paragraph contains legal conclusions and the characterization of a statute to which no response is required.

51. This paragraph contains legal conclusions to which no response is required.

52. Defendant incorporates his responses to paragraphs 1 through 51 by reference as if stated in full here.

53. This paragraph is a characterization of a statute to which no response is required.

54. This paragraph contains legal conclusions to which no response is required.

55. This paragraph contains legal conclusions to which no response is required.

The final paragraph of the complaint represents a request for relief as to which no response is required. Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

Dated: August 1, 2008                                    Respectfully submitted,

                                                         GREGORY G. KATSAS
                                                         Assistant Attorney General

                                                         KAREN P. HEWITT
                                                         United States Attorney

                                                          /s/ Justin M. Sandberg
                                                         SHEILA M. LIEBER (IL Bar No. 1657038)
                                                         JUSTIN M. SANDBERG (IL Bar No. 6278377)
                                                         U.S. Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         20 Massachusetts Avenue, N.W., Room 7224
                                                         Washington, D.C. 20530
                                                         Telephone: (202) 514-3489
                                                         Facsimile: (202) 616-8202
                                                         Email: justin.sandberg@usdoj.gov

                                                         <u>Attorneys for Defendant</u>